## In re SCHNOLL.

District Court, S. D. New York.
Aug. 18, 1930.

Charles L. Sylvester, of New York City, for trustee.

Samuel C. Duberstein, of New York City, for bankrupt.

FRANK J. COLEMAN, District Judge.

The trustee interposed objections to discharge of the bankrupt, and the referee, acting as special master, held that the objections were unauthorized, and that the bankrupt should be discharged. Upon a motion made in the District Court to confirm that report, the trustee inadvertently defaulted and now moves to open the default and to have a hearing upon the merits of the special master's report. The default is opened, and, upon a consideration of the merits, I confirm the special master's report.

The sole question presented is whether a trustee can oppose a bankrupt's application for discharge where he was not authorized to do so at a meeting of creditors called on the application of one of the creditors. In this case the meeting of creditors at which the trustee was authorized to oppose the discharge was called by the referee upon the application of the trustee and not of one of the creditors. There is no question but that at the meeting a majority of the creditors in number and amount voted to authorize the opposition, but the special master has held that, since the meeting was not called on the application of one of the creditors, the authorization was invalid.

The Bankruptcy Act, § 14, prior to 1926 (section 14b, as amended by Act June 25, 1910, § 6, 36 Stat. 839) provided that a trustee should not oppose a discharge unless authorized to do so at a meeting of the creditors called for that purpose, and there was no requirement that the meeting be called on the application of a creditor. In 1926, however, the section was amended (section 14b, as amended by Act May 27, 1926, § 6, 11 USCA § 32(b) so as to put in the express requirement that the meeting be called on the application of a creditor.

I would prefer to hold that the defect in the trustee's practice was a mere irregularity which did not invalidate the actual authorization given by the creditors at the meeting, and that, therefore, the merits of the application for discharge might be inquired into. I believe, however, that Congress intended that the application by a creditor for the meeting be a condition to opposition by the trustee. In other words, it was intended that the opposition to a discharge by the trustee should not only be authorized by the creditors, but initiated by one of them.

Report of the special master is therefore confirmed and the bankrupt discharged. Settle order on notice.