### In re TAYLOR.
No. 20196.

District Court, W. D. New York.
July 19, 1934.

F. Allen De Graw, of Clifton Springs, N. Y., for objecting creditor.

Willis C. Ellis, of Shortsville, N. Y., for bankrupt.

KNIGHT, District Judge.

A creditor of the bankrupt filed objections to the discharge of the bankrupt. Upon the hearing upon the objections, the objecting creditor offered in evidence certain papers represented by him to be a stenographic record of testimony given by the bankrupt at the first meeting of creditors. No proof was made to show that the writing was a true transcript of the evidence so given. Objection to its reception was made by the bankrupt on this ground. The objection was properly sustained.

The claimant cites numerous cases holding that the testimony given by the bankrupt in other proceedings is admissible against him when appearing on objections to the discharge. Without a doubt it is admissible. This is fundamental. Any statements made by the bankrupt at any time, whether in the bankruptcy proceedings or otherwise, were competent to be received as an admission against him, provided the proper foundation for its reception in evidence was laid. The proper foundation was not laid. It does not appear that this testimony was taken from the records of the court. Its accuracy could have been shown by the stenographer who took the testimony.

Claimant is a nonresident of the state. The referee imposed as a condition for holding a hearing on the objections that the claimant advance $25 to cover the expenses necessarily incurred as incident to the hearing. The referee had the right to require the payment of such expenses.

The brief of claimant directs attention of the court to another point which had not been raised by the bankrupt. Attention is called to the provision of the statute authorizing the trustee to file objections to a discharge when authorized by a meeting of the creditors. That section contemplates that the application for the meeting shall be made by a creditor, and that action shall be taken by the creditors at the meeting. Section 14b, Bankr. Act (11 USCA § 32 (b); In re Schnoll (D. C.) 44 F.(2d) 857. This section has no application here, since no trustee was appointed. It must be that any creditor is authorized to file objections to a discharge, else there would be no one to file. Section 14b provides that "proofs and pleas" may be made in opposition to the discharge by the "trustees or other parties in interest." Clearly a creditor is one of the "other parties," and the proceeding here was maintainable by this claimant.

The report of the master is affirmed, with the right to the claimant to apply to reopen the proceedings on the application for the discharge, upon the payment of $25 costs to Willis C. Ellis, attorney for bankrupt, and the payment to the referee of an amount sufficient to pay the expenses incurred by reason of the hearing heretofore had herein and the expenses to be incurred upon a rehearing.

Order may be prepared accordingly.